UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS GUZZETTA,

     Plaintiff,

  v.                                   **DECISION AND ORDER**

MONROE COUNTY DEPARRMENT           6:25-CV-6246-EAW
OF HUMAN SERVICES, et al,

     Defendants.

*Pro se* plaintiff Thomas Guzzetta ("Plaintiff") filed this action on May 7, 2025, asserting claims pursuant to 42 U.S.C. § 1983. (Dkt. 1). Plaintiff submitted an incomplete application to proceed *in forma pauperis* ("IFP") (Dkt. 2) with his complaint and on May 9, 2025, the Court denied his IFP motion and administratively terminated the case but permitted Plaintiff to reopen it by filing a complete application to proceed IFP or pay the filing fee (Dkt. 3). Plaintiff refiled an IFP motion on May 13, 2025 (Dkt. 5), which he supplemented on October 7, 2025 (Dkt. 10). He has also filed a motion to appoint counsel (Dkt. 11) and motion to amend his complaint (Dkt. 12).

For the reasons set forth herein, Plaintiff's motions to proceed IFP are granted and his motion for the appointment of counsel and to amend are denied without prejudice.

- 1 -

## IFP Motion

Because Plaintiff meets the requirements of 28 U.S.C. § 1915(a) and filed the required documents, he is granted permission to proceed IFP.  The Court will screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915 in due course.

## Motion to Appoint Counsel

Plaintiff moves for the appointment of counsel.  (Dkt. 11).  Under 28 U.S.C. § 1915(e)(1), "[a] court may request an attorney to represent any person unable to afford counsel."  The Second Circuit has stated that "[i]n deciding whether to appoint counsel [under § 1915] . . . the district judge should first determine whether the indigent's position seems likely to be of substance."  *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  "If the claim meets this threshold requirement," the judge should weigh other factors, including "the indigent's ability to investigate the crucial facts," "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder," "the indigent's ability to present the case," "the complexity of the legal issues," and "any special reason . . . why appointment of counsel would be more likely to lead to a just determination."  *Id.* at 61-62.

At this early stage, prior to a determination of whether any claims are proceeding to service, the Court lacks sufficient information to weigh the factors.  That said, Plaintiff has ably presented his case thus far.  For these reasons, the Court denies Plaintiff's motion to appoint counsel without prejudice.  If Plaintiff's complaint survives screening and proceeds to service, he may renew his motion to appoint counsel at that time, if appropriate.

## **Motion to Amend**

Plaintiff moves for leave to amend his complaint. (Dkt. 12). Pursuant to this District's Local Rules of Civil Procedure, a party seeking to file an amended pleading "must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion." Loc. R. Civ. P. 15(a). This rule is not merely technical in nature, but instead "eliminates the confusing nature of 'piecemeal' amended complaints" by "ensur[ing] that all the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." *Williams v. Shawangunk DOCCS*, No. 9:25-CV-0903 (GTS/MJK), 2025 WL 3296472, at *1 (N.D.N.Y. Nov. 26, 2025). Plaintiff's motion does not include a proposed amended complaint and it is therefore denied without prejudice. Plaintiff may file a renewed motion with a proposed amended complaint annexed to the motion.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's IFP motions are granted (Dkt. 5; Dkt. 10) and his motion for the appointment of counsel (Dkt. 11) and to amend (Dkt. 12) are denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 10, 2026
      Rochester, New York

- 3 -